```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CHARLES JONES,                   )
                                 )  Civil Action
          Plaintiff              )  No. 10-cv-05262
                                 )
     vs.                         )
                                 )
MICHAEL J. ASTRUE,               )
Commissioner of the Social       )
Security Administration,         )
                                 )
          Defendant              )
                                 )
SOCIAL SECURITY ADMINISTRATION   )
                                 )
          Interested Party       )

                    *   *   *

APPEARANCES:

          RICHARD P. WEISHAUPT, ESQUIRE
             On behalf of Plaintiff

          EDA GIUSTI, ESQUIRE
          SPECIAL ASSISTANT UNITED STATES ATTORNEY
                  and
          DINA WHITE GRIFFIN, ESQUIRE
          SPECIAL ASSISTANT UNITED STATES ATTORNEY
             On behalf of Defendant


                    *   *   *

                  O P I N I O N
```

JAMES KNOLL GARDNER
United States District Judge

This matter is before the court on Plaintiff's Objection[s] to the Report and Recommendation of the United States Magistrate Judge filed October 12, 2011. Defendant's Response to Plaintiff's Objections to the Magistrate Judge's

Report and Recommendation was filed October 25, 2011.  For the following reasons, the Report and Recommendation of United States Magistrate Judge Henry S. Perkin filed September 28, 2011 ("R&R") is approved and adopted in part, and rejected in part.

Specifically, I adopt that portion of Magistrate Judge Perkin's Report and Recommendation which recites the background, procedural history, standard of review, and summary of the parties' contentions, with the exception of lines fourteen through nineteen on page four.  Therefore, I incorporate those portions of the Report and Recommendation into this Opinion.

On the other hand, I reject Magistrate Judge Perkin's determination that Administrative Law Judge Katie H. Pierce ("ALJ") properly concluded that plaintiff's evidence of narcolepsy did not constitute a severe impairment.  Accordingly, I sustain plaintiff's objection on this issue and reject that portion of the R&R, contained at line ten of page six through line one of page nine.

Finally, I approve and adopt that portion of the R&R which concludes that the ALJ properly considered and afforded the appropriate weight to Dr. Jerome B. Albert's diagnosis regarding depression and Dr. Maqsood Ahmed's diagnosis regarding plaintiff's back condition.  Thus, I approve and adopt line two of page nine through line nine of page sixteen of the Report and Recommendation.

STANDARD OF REVIEW

When objections are filed to a magistrate judge's report and recommendation, I am required to make a de novo determination of those portions of the report, findings or recommendations made by the magistrate judge to which there are objections.  28 U.S.C. § 636(b)(1); Rule 72.1(IV)(b) of the Rules of Civil Procedure for the United States District Court for the Eastern District of Pennsylvania.  Furthermore, district judges have wide latitude regarding how they treat recommendations of the magistrate judge.  See United States v. Raddatz, 447 U.S. 667, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980).

Indeed, by providing for a de novo determination, rather than a de novo hearing, Congress intended to permit a district judge, in the exercise of his or her sound discretion, the option of placing whatever reliance the court chooses to place on the magistrate judge's proposed findings and conclusions.  I may accept, reject or modify, in whole or in part any of the findings or recommendations made by the magistrate judge.  Raddatz, supra.

PLAINTIFF'S OBJECTIONS

Plaintiff raises three objections to Magistrate Judge Perkin's Report and Recommendation.

First, plaintiff contends that Magistrate Judge Perkin supplied a new rationale for the Administrative Law Judge's

-3-

dismissal of plaintiff's evidence of narcolepsy as a severe impairment.  Plaintiff avers that Magistrate Judge Perkin recognized that the ALJ erroneously stated that plaintiff's Epworth Sleepiness Scale scores showed improvement when, in fact, the scores did not improve.  Plaintiff argues that Magistrate Judge Perkin should have reversed the decision of the ALJ on this basis.

In addition, plaintiff avers that to support the conclusion that the ALJ's decision was supported by substantial evidence, the R&R impermissibly cites evidence from the administrative record which was not cited by the ALJ.  Further, plaintiff contends that the additional reasons cited by Magistrate Judge Perkin fail to support the decision that plaintiff is not disabled.

Next, plaintiff contends that Magistrate Judge Perkin relied upon improper grounds to reject highly probative evidence of depression.  Plaintiff avers that the Report and Recommendation dismisses evidence of depression which pre-dates plaintiff's disability period.  Plaintiff additionally contends that the R&R incorrectly upholds the ALJ's decision rejecting the opinion of Dr. Jerome B. Albert, and that Judge Perkin again impermissibly cited evidence from the administrative record which was not cited by the ALJ.

Finally, plaintiff asserts that Magistrate Judge Perkin erroneously accepted the ALJ's conclusion that plaintiff is capable of doing light work despite the evidence regarding his debilitating back condition.  Plaintiff additionally contends that Magistrate Judge Perkin accepted the ALJ's reliance on overtly flawed testimony of the vocational expert.  For the reasons expressed below, I sustain in part and overrule in part plaintiff's objections.

### Plaintiff's First Objection

Plaintiff acknowledges that Magistrate Judge Perkin correctly acknowledged that the Administrative Law Judge erred in concluding that plaintiff's Epworth Sleepiness Scale scores showed improvement.  However, plaintiff contends that Judge Perkin erred in upholding the ALJ's decision that plaintiff's sleep disorder - narcolepsy - was not a severe impairment or a permanent disability because he based that conclusion on facts in the administrative record which were not cited by the ALJ.

Defendant asserts that Magistrate Judge Perkin did not supply a new rationale for the ALJ's decision because both Magistrate Judge Perkin and the ALJ concluded that plaintiff's narcolepsy was showing improvement with medication, and thus did not constitute a permanent disability.

The ALJ assigned little weight to the opinion of plaintiff's treating physician, Dr. Sharon Schutte Rodin, who

concluded that plaintiff was permanently disabled because plaintiff had narcolepsy with cataplexy and involuntary sleep attacks.  The ALJ concluded that Dr. Rodin had been treating plaintiff for only six months, and that plaintiff had been on medication for narcolepsy for only three to four months.

Further, the ALJ concluded that plaintiff's condition was not expected to last twelve months as required by 42 U.S.C. § 423(d)(1) because plaintiff's symptoms have been improving with medication.  Specifically, the ALJ concluded that plaintiff's sleep scale scores demonstrate "significant improvement once he began treatment".[1]  Accordingly, the ALJ concluded that plaintiff's narcolepsy was not a "severe impairment" pursuant to 20 C.F.R. § 920(c).  The ALJ further concluded that plaintiff's residual functional capacity ("RFC") assessment adequately accommodated plaintiff's alleged sleep disorder by providing for a fifteen-minute break after two hours of work.

Magistrate Judge Perkin properly noted that the ALJ was incorrect regarding the improvement in plaintiff's sleep scale scores, which instead "are virtually identical" over the course of plaintiff's treatment.[2]  Relying on older case-law for the proposition that a court may look to any evidence in the record to determine whether substantial evidence supports the ALJ's

---

[1] Administrative Record, pages 12 and 19.

[2] Report and Recommendation, page 8 n.5.

conclusion, regardless of whether the ALJ cites such evidence in her decision, Magistrate Judge Perkin analyzed additional evidence in the administrative record not cited by the ALJ. See Esposito v. Apfel, 66 Soc.Sec.Rep.Ser. 217, 2000 WL 218119 (E.D.Pa. Feb. 24, 2000)(Broderick, S.J.); Hook v. Bowen, 677 F.Supp. 305, 306 (M.D.Pa. 1988).

As a result, Magistrate Judge Perkin concluded that sufficient evidence supports the ALJ's finding that plaintiff's narcolepsy improved with medication and was not a severe impairment.  Judge Perkin reached this conclusion because the record reflected that plaintiff did not require frequent monitoring for his alleged sleep disorder, did not have his driver's licence rescinded by his physicians, and that plaintiff's treatment records reflect a lapse in medication without change in plaintiff's reported sleepiness.[3]

However, I am bound by a subsequent decision of the United States Court of Appeals for the Third Circuit, Fargnoli v. Halter, 247 F.3d 34 (3d Cir. 2001).  The Fargnoli decision "does not permit the Court to review the evidence of record in order to establish an alternative rationale for affirming the ALJ's decision".  Knox v. Astrue, 2010 U.S.Dist. LEXIS 28978, at *22 (W.D.Pa. Mar. 26, 2010)(Ambrose, J.).

---

[3]   R&R, pages 8 and 9.

I agree with United States District Judge Donetta W. Ambrose that Fargnoli "squarely foreclosed" reliance on the holdings (in Hook, supra, and Beckett v. Leavitt, 555 F.Supp.2d 521, 526 (E.D.Pa. 2008), which cite Hook and Esposito, supra) that a court can consider evidence contained in the administrative record not mentioned by the ALJ to determine whether the decision is supported by substantial evidence.  Knox, 2010 U.S.Dist. LEXIS 28978, at *21.

Although a court may "review *evidence* contained in the record in order to trace the path of the ALJ's reasoning, *Fargnoli* does not permit the judicial substitution of an otherwise adequate *rationale* justifying affirmance for the rationale actually reflected in the ALJ's decision."  Knox, 2010 U.S.Dist. LEXIS 28978, at *21 (emphasis in original). Accordingly, I reject that portion of the standard of review enunciated in the R&R which relies on Hook and Esposito, and I substitute the applicable standard of review as follows.

The United States Court of Appeals for the Third Circuit has held that a court is bound by an ALJ's factual findings which are "supported by substantial evidence". Fargnoli, 247 F.3d at 38.  Substantial evidence means "relevant evidence as a reasonable mind might accept as adequate." Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir.1999) (internal quotations omitted).  An ALJ "is not free to employ her own

expertise against that of a physician who presents competent medical evidence." Plummer, 186 F.3d at 429. In choosing not to credit a physician, an "ALJ cannot reject evidence for no reason or for the wrong reason." Plummer, 186 F.3d at 429 (internal quotations omitted).

In determining whether substantial evidence exists, a district court is bound by "the grounds upon which an administrative order...discloses that its action was based", and the district court may not rely "on medical records found in its own independent analysis, and which were not mentioned by the ALJ." Fargnoli, 247 F.3d at 44 n.7 (internal quotations omitted); see also Thompson v. Barnhart, 281 F.Supp.2d 770, 776 (E.D.Pa. 2003)(Rufe, J.).

Applying this proper standard of review, I conclude that absent the ALJ's erroneous conclusion that plaintiff's sleep scale scores improved, the ALJ has not provided substantial evidence for her conclusion that plaintiff's narcolepsy will not last twelve months because his symptoms are improving with medication. The medical records cited by the ALJ, specifically Dr. Rodin's treatment notes, do not support the ALJ's conclusion that plaintiff's condition has improved since beginning treatment.[4] Further, the ALJ has cited no evidence contradicting

---

[4]   See Administrative Record, pages 289-326.

Dr. Rodin's conclusions regarding the permanency of plaintiff's narcolepsy.

Thus, it appears that no medical evidence in the record supports the ALJ's conclusion that plaintiff's condition is not expected to last twelve months.  The ALJ is not free to reject Dr. Rodin's opinion "for no reason or for the wrong reason."  See Plummer, 186 F.3d at 429 (internal quotations omitted).  Therefore, I conclude that the ALJ's decision is not supported by substantial evidence.

Accordingly, I sustain plaintiff's first objection and remand this matter back to the Commissioner for further proceedings for the ALJ to re-assess Dr. Rodin's opinion and specify which findings are accepted and which are rejected.  If necessary, the ALJ shall elicit additional information from Dr. Rodin to clarify the basis for Dr. Rodin's opinion that plaintiff's condition is permanently disabling.  See 20 C.F.R. § 416.927(c)(3).  Further, the ALJ shall reconsider plaintiff's RFC assessment in light of the ALJ's re-assessment of Dr. Rodin's opinion.

<u>Plaintiff's Second Objection</u>

In his second objection, plaintiff contends that by dismissing plaintiff's history of depression, Magistrate Judge Perkin ignored highly probative evidence of psychiatric impairment.  Further, plaintiff argues that Judge Perkin disregarded

conclusive evidence of the limitations on plaintiff's ability to work because of plaintiff's depression, and instead improperly searched the administrative record and cited a lay summary of a phone call with plaintiff which Dr. W.H. Perkins and Dr. Frances Breslin relied upon to conclude that plaintiff was not disabled.

Defendant contends that Magistrate Judge Perkin correctly upheld the ALJ's decision because the ALJ adequately weighed Dr. Albert's opinion (regarding the severity of plaintiff's depression based on Dr. Albert's one-time examination) against the opinions of the two non-examining state agency physicians - Dr. Perkins and Dr. Breslin (who concluded that plaintiff was not disabled).

I conclude that plaintiff's objections lack merit because Magistrate Judge Perkin neither dismissed plaintiff's history of depression nor relied on evidence that was not considered by the ALJ.  Instead Judge Perkin recounted plaintiff's evidence regarding his history of depression[5], which was consistent with the ALJ's determination that plaintiff had undergone almost no treatment for his alleged depression.

In addition, Magistrate Judge Perkin cited the opinions of Dr. Perkins and Dr. Breslin, including the basis for these opinions, in upholding the ALJ's decision.  These opinions were cited and discussed by the ALJ and, thus, do not constitute a new

---

[5]   See R&R, page 9 n.6.

rationale for upholding the ALJ's conclusion that plaintiff was not disabled.  See Knox, 2010 U.S.Dist. LEXIS 28978, at *21.

I conclude that the remainder of plaintiff's objections in this regard are nothing more than a restatement of the underlying claims contained in his request for review, which I am not required to address.  See Morgan v. Astrue, 2009 U.S.Dist. LEXIS 101092, at *8 (E.D.Pa. Oct. 30, 2009)(Buckwalter, S.J.).  Moreover, upon review of the R&R, together with de novo review of the entire record in this matter, I conclude that the Report and Recommendation correctly determines the legal issues raised by plaintiff regarding the ALJ's consideration of plaintiff's evidence of depression and of Dr. Albert's opinion.

As Magistrate Judge Perkin correctly concluded, the ALJ gave proper weight to Dr. Albert's opinion regarding the severity of plaintiff's depression and adjusted her RFC assessment accordingly.  In addition, Judge Perkin correctly explained that the ALJ properly weighed Dr. Albert's opinion against the opinions of Dr. Perkins and Dr. Breslin (that plaintiff was not disabled), which opinions were consistent with plaintiff's lack of a treatment history for depression).

Accordingly, I overrule plaintiff's second objection, and approve and adopt the portion of the Report and Recommendation regarding the consideration of plaintiff's evidence of depression.

<u>Plaintiff's Third Objection</u>

Plaintiff contends that Magistrate Judge Perkin erred in upholding the Administrative Law Judge's residual functional capacity assessment, which maintained that plaintiff could perform less than the full range of light work as defined in 20 C.F.R. § 416.967(b), in light of plaintiff's debilitating back condition.  Plaintiff contends that the ALJ failed to give proper weight to Dr. Ahmed's opinion regarding plaintiff's back condition.

In addition, plaintiff avers that Magistrate Judge Perkin overlooked the vocational expert's testimony that plaintiff could hold positions as a housekeeper, garment folder, and microfilm processor, which plaintiff contends require skills that are inconsistent with the limitations described in the ALJ's RFC assessment.

Defendant argues that the contention of plaintiff that Judge Perkin overlooked the allegedly flawed vocational expert testimony is waived because plaintiff never raised this argument until he filed his objections.  Further, defendant contends that plaintiff's argument lacks merit because the position of garment folder, as defined in the Dictionary of Occupational Titles ("DOT"), does not conflict with the restriction to simple work in the ALJ's RFC assessment.  <u>See</u> DOT 789.687-066, 1991 WL 681266 (1991).

Because plaintiff raised his argument (that the vocational expert's testimony was flawed) for the first time in his objections, Magistrate Judge Perkin did not err by failing to address this issue, and I conclude that plaintiff's arguments in this regard are waived.  See Laborers' International Union of North America, AFL-CIO v. Foster Wheeler Corporation, 26 F.3d 375, 398 (3d Cir. 1994).

In addition, I conclude that plaintiff's objections that the ALJ's RFC assessment did not account for his debilitating back condition, and that the ALJ did not accord the proper weight to Dr. Ahmed's opinion, are nothing more than a restatement of the underlying claims contained in his request for review that I am not required to address.  See Morgan, 2009 U.S.Dist. LEXIS 101092, at *8.

Moreover, upon review of the Report and Recommendation, together with de novo review of the entire record in this matter, I conclude that Magistrate Judge Perkin's determination that the ALJ's RFC assessment properly accounts for plaintiff's evidence of his back condition is supported by the record.

Accordingly, I overrule plaintiff's objections, and I approve and adopt the portion of the Report and Recommendation regarding the ALJ's consideration of plaintiff's evidence of his back condition.  As discussed above, I remand this matter back to the Commissioner for further proceedings consistent with this

Opinion for the ALJ to re-assess Dr. Rodin's opinion regarding plaintiff's alleged sleep disorder.

## CONCLUSION

For all the foregoing reasons, I sustain plaintiff's first objection because I find that the ALJ's conclusions regarding plaintiff's sleep disorder are not supported by substantial evidence.  Therefore, I reject Magistrate Judge Perkin's determination that the ALJ properly concluded that plaintiff's evidence of narcolepsy failed to constitute a severe impairment.  In all other respects, plaintiff's objections are overruled.

As a result, this matter is remanded in accordance with the fourth sentence of 42 U.S.C. § 405(g) to the Commissioner of the Social Security Administration for further proceedings consistent with this Opinion.